AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | |
|---|---|---|
| Name *(under which you were convicted)*:  Jesus Martinez Delgado | | Docket or Case No.:  2:09-cr-00445-DSF |
| Place of Confinement:  USP-1 Coleman | | Prisoner No.:  56424-112 |
| UNITED STATES OF AMERICA  FILED  CLERK, U.S. DISTRICT COURT | V. | Movant *(include name under which convicted)*  Jesus Martinez Delgado |

MAR 1 4 2024

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**MOTION** ☞ **CV24 2124- DSF**

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:
    United States District Court For The Central District Of California

    (b) Criminal docket or case number (if you know): 2:09-cr-00445-DSF

2.  (a) Date of the judgment of conviction (if you know): December 16, 2013
    (b) Date of sentencing: December 16, 2013

3.  Length of sentence: Life

4.  Nature of crime (all counts): Conspiracy to Possess With Intent to Distribute and to Distribute a Controlled Substance, under 21 U.S.C. 846 (Cant Seven); Possession With Intent to Distribute a Controlled Substance, under 21 U.S.C. 841(b)(1)(B)(Cant Fourteen); and Simple Possession of a Controlled Substance, under 21 U.S.C. 844(a) (Cant Fifteen).

5.  (a) What was your plea? (Check one)
    (1) Not guilty  ☑        (2) Guilty ☐        (3) Nolo contendere (no contest) ☐

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?  N/A

6.  If you went to trial, what kind of trial did you have? (Check one)    Jury ☑    Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☑

AO 243 (Rev. 09/17)

8.  Did you appeal from the judgment of conviction?          Yes ☑          No ☐

9.  If you did appeal, answer the following:

   (a)  Name of court: U.S. Court of Appeals for the Ninth Circuit

   (b)  Docket or case number (if you know): No. 13-50617

   (c)  Result: Judgment Affirmed

   (d)  Date of result (if you know): January 5, 2016

   (e)  Citation to the case (if you know): United States v. Delgado, 640 Fed. Apx. 620 (9th Cir. 2016)

   (f)  Grounds raised: (1) district court erred when it denied motion to suppress; (2) district court abused its discretion when it denied motion to substitute counsel; (3) district court abused its discretion when it issued wiretap; (4) district court erred when it treated prior state conviction as a prior drug conviction for sentence enhancement under 21 U.S.C. 851; (5) Double Jeopardy Clause violated; (6) Sixth Amendment right to jury violated; and (7) Sentence constituted Eighth Amendment's Cruel and Unusual Punishment prohibition.

   (g)  Did you file a petition for certiorari in the United States Supreme Court?     Yes ☑     No ☐

     If "Yes," answer the following:

     (1)  Docket or case number (if you know): No. 15-9539

     (2)  Result: Certiorari denied

     (3)  Date of result (if you know): June 27, 2016

     (4)  Citation to the case (if you know): Delgado v. United States, 2016 U.S. LEXIS 4113 (U.S., June 27, 2016)

     (5)  Grounds raised: UNKNOWN

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☑     No ☐

11.  If your answer to Question 10 was "Yes," give the following information:

   (a)  (1)  Name of court: U.S. District Court for the Central District of California

     (2)  Docket or case number (if you know): CV 17-4568 DSF

     (3)  Date of filing (if you know): UNKNOWN

AO 243 (Rev. 09/17)

(4) Nature of the proceeding: 28 U.S.C. 2255

(5) Grounds raised:

Ineffective Assistance of Counsel

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐    No ☑

(7) Result: Denied

(8) Date of result (if you know): June 6, 2018

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: U.S. District Court for the Central District of California

(2) Docket of case number (if you know): CR 09-445-59 DSF

(3) Date of filing (if you know): UNKNOWN

(4) Nature of the proceeding: 18 U.S.C. 3582(c)(1)(A)(i) (Compassionate Release)

(5) Grounds raised:

If sentenced today, Petitioner would not be subjected to current mandatory minimum Life imprisonment under 21 U.S.C. 851.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐    No ☑

(7) Result: Pending

(8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ☐    No ☑

(2) Second petition:    Yes ☐    No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Petitioner is not knowledgable in Federal law and believed it would have been an exercise in futility and waste of judicial resources if he filed an unassisted appeal.

AO 243 (Rev. 09/17)

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Petitioner is Actually, Factually, and/or Legally Innocent as to 21 U.S.C. 841(b) and 851(a)(1) enhancement

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On October 20, 2010, the U.S. Attorneys Office filed an Information against Delgado ("Petitioner"), pursuant to 21 U.S.C. 851(a)(1), seeking enhancement of sentence as to Count Seven of the First Superseding Indictment based on a May 11, 2001 prior conviction in the Superior Court for the State of California, County of Los Angeles ("California State Court"), Case No. VA064201, for possession of Cocaine Base for Sale, in violation of California Health and Safety Code Section 11351.5 ("HS11351.5"), and a subsequent February 10, 2005 prior drug conviction in California State Court, Case No. NA060996, also in violation of HS11351.5. See USDC Case No. 2:09-cr-00445-DSF, Doc. 1444 at 1-3. At the time of (Go to Attachment Page 5(a) of 13)

(b) Direct Appeal of Ground One:

(1)  If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐     No ☑

(2)  If you did not raise this issue in your direct appeal, explain why: The current issue was not available to Petitioner until November 20, 2023 when the California State Court dismiss his prior conviction.

(c) Post-Conviction Proceedings:

(1)  Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐     No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?
    Yes ☐     No ☐

Ground One (cont'd): Delgado's sentencing, this Court was required to impose a mandatory minimum life imprisonment as prescribed in 21 U.S.C. 841(b)(1)(A) and 851(a)(1) in 2013.

Then, on November 20, 2023, the California State Court granted Delgado's Petition for Writ of Habeas Corpus pursuant to Penal Code Section 1473.7, and dismissed his prior February 20, 2005 HS11351.5 drug conviction. Exhibit A. Since that prior state conviction is now void, it can no longer sustain the "two or more prior convictions" prong under Sections 841(b)(1)(A) and 851(a)(1), relinquishing this Court's previous requirement to impose the mandatory minimum life imprisonment. Compare 21 U.S.C. 841(b)(1)(A), 851(a)(1), and Doc. 2286 at 5, paragraph 3 (b)(P.S.I. as to Jesus Martinez Delgado); with Exhibit A (November 20, 2023 California State Court order dismissing HS11351.5 drug conviction). As a result, Delgado is now Actually, Factually, and/or Legally Innocent as to the Sections 841(b) and 851(a)(1) enhancement because there is an absence of facts that are prerequisites for the mandatory minimum life sentence given to him. (Go back to Ground One subsection (b) Direct Appeal questionnaire)

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Petitioner is currently being held in violation of 21 U.S.C. 841(b) and 851(a)(1)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner is being held in violation of the above-captioned statutes for the same reasons asserted in Ground One of this motion. More specifically, at the time of Delgado's sentencing, 21 U.S.C. 841(b)(1)(A) required the imposition of a mandatory minimum "life imprisonment "after two or more prior convictions for a felony drug offense." (It bears emphasis that Congress has since reduced and "restricted enhanced sentencing for prior drug felonies" from life imprisonment for two or more "felony drug offense" convictions, to 25 years imprisonment for two or more "serious drug felony convictions. See Pub. L. 115-391, Title IV, section 401(a)(2), (go to Attachment (Page 6(a) of 13)

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

Ground Two (Cont'd): Dec. 21, 2018, 132 Stat. 5220). As already stated in Ground One, the Government relied, in part, on Delgado's, now nullified, February 10, 2005 California State conviction in order to trigger the mandatory minimum Life imprisonment. Doc. 1444 at 1-3; Doc. 2286 at 5, paragraph 3(b). Although Delgado's May 11, 2001 State prior conviction remains intact for enhancement purposes under 21 U.S.C. 841(b) and 851(a)(1), the same cannot be said for the 2005 State conviction, rendering his current sentence in violation of those federal statutes. (Go back to Ground Two subsection (b) Direct Appeal questionaire)

AO 243 (Rev. 09/17)

(2)  If you did not raise this issue in your direct appeal, explain why: The basis for this issue was not available until November 20, 2023 when the California State Court granted Petitioner's Habeas Corpus motion.

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

AO 243 (Rev. 09/17)

**GROUND THREE:** Petitioner is being held in violation of the Due Process Clause

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.).

Petitioner is being held in violation of the Due Process Clause for the same reasons highlighted in Grounds One and Two of this Petition, because the minimum mandatory Life imprisonment he is currently serving, which was predicated on "two or more" prior convictions, no longer comports with Congressional intent due to the dismissal of one of those priors. Therefore, Petitioner is being deprived of his life and liberty, in violation of the Fifth Amendment, as 21 U.S.C. 841(b)(1)(A) only required a minimum mandatory Life imprisonment, in 2013, when there was "two or more" prior drug convictions.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why: It was legally impossible to seek the relief sought until November 20, 2023. Therefore, raising this issue would have been futile before that date due to its unavailability.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND FOUR:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Grounds One, Two, and Three have not been presented in federal Court previously, because they were not available to Petitioner until the California State Court granted his Habeas Corpus motion on November 20, 2023. See Exhibit A.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?     Yes ☐     No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing: Fredrico McCurry, P.O. Box 3695, Van Nuys, CA. 91407

(b) At the arraignment and plea: Same as above

(c) At the trial: Same as above

(d) At sentencing: Same as above

(e) On appeal: David Andrew Schlesinger (address UNKNOWN)

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

_____

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☑     No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐     No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐     No ☐

AO 243 (Rev. 09/17)

18.    TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The California State Court dismissed Delgado's prior drug conviction on November 20, 2023 (several years after the federal judgment became final), making it utterly impossible to have submitted this petition before that date. This dismissal of the state prior was the result of Delgado's successful writ of Habeas Corpus petition, which he initiated in state court. Accordingly, Delgado's instant Section 2255 motion is timely because it was filed within one year of "the date on which the facts supporting the...claims presented could have been discovered through the exercise of due diligence. See 28 U.S.C. 2255(f).

              * See Separate Memorandum of Law

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255,
paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run
from the latest of –
        (1)   the date on which the judgment of conviction became final;
        (2)   the date on which the impediment to making a motion created by governmental action in violation of
the Constitution or laws of the United States is removed, if the movant was prevented from making such a
motion by such governmental action;
        (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has
been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
review; or
        (4)   the date on which the facts supporting the claim or claims presented could have been discovered
through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief: Vacate and set the judgment aside,
officially render the February 10, 2005 prior state conviction as an invalid predi-
cate for sentence enhancement, order a restructuring of the Presentence In-
vestigation Report, resentence Delgado without the 2005 enhancement,
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on March 1, 2024
(month, date, year)

Executed (signed) on March 1, 2024 _____ (date)

_____
Jesus Martinez Delgado
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Page 13 of 13

Jesus Martinez Delgado, Reg.#56424-112
Federal Correctional Complex, USP-1
846 N.E. 54th Terrace
Coleman, FL. 33521


re: Case No. 2:09-cr-00445-DSF; Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255


## Memorandum of Law


Under 28 U.S.C. 2255, a federal prisoner may challenge their sentence if it was, inter alia, imposed in violation of the Constitution or laws of the United States. See 28 U.S.C. 2255(a); See also United States v. Silveira, 997 F.3d 911, 913-14 (9th Cir. 2021). Section 2255 motions generally must be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. 2255(f). Motions made after the one-year period typically will not be heard absent extraordinary circumstances. See Johnson v. United States, 903 F.3d 1020, 1024 (9th Cir. 2018). To demonstrate extraordinary circumstances that excuse failure to file within the one-year period, a petitioner must show "(1) that they have been pursuing their rights diligently, and (2) that some extraordinary circumstance stood in their way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010); See also Luna v. Kernan, 784 F.3d 640, 646-47 (9th Cir. 2015).

In the case at bar, Delgado illustrated that his 2005 California drug prior was dismissed on November 20, 2023, after his petition for Writ of Habeas Corpus was granted. If not for his "due diligence" in seeking habeas relief in State Court,

Delgado would not have been able to seek the relief he now requests in this Court. Section 2255(f) states: "A 1-year period of limitation... shall run from... the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. 2255(f)(4). Here, less than four months has passed since the California State Court dismissed Delgado's 2005 drug prior (the predicate offense that triggered his life sentence). See Exhibit A.

Assuming, arguendo, that this motion is construed as a "second or successive motion," the U.S. Supreme Court has held that the phrase "second or successive" in 28 U.S.C. 2255(h) is not "self-defining" and does not refer to all habeas applications filed second or successively in time. Panetti v. Quarterman, 551 U.S. 930, 943-44 (2007). Accordingly, Section 2255(h)'s gatekeeping provision does not apply to this case. See, e.g., Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011) (reversing district court's denial of defendant's subsequent motion to vacate because the basis for his Johnson claim did not exist until his prior conviction was invalidated by the State court, rendering his numerically second motion as "non-successive"). Consequently, Delgado was not required to seek authorization to file the instant motion. Id. at 865.

## Conclusion

Based on all the supporting facts, arguments, and authorities set forth in this Memorandum and attached Section 2255 Application, Jesus Martinez Delgado, the Petitioner, respectfully requests that this Honorable Court grant relief pursuant to 28 U.S.C. 2255(b), and any other relief to which he may be entitled.

Certificate of Service

I Hereby Certify, pursuant to Rule 3(a) of the Rules Governing
Section 2255 Proceedings For The United States District Courts,
that the original and two copies of this motion was Sent to
the clerk of this court, via this institution's legal mail procedures.
I Further Certify under penalty of perjury that the foregoing
is true and accurate.

Respectfully Submitted this 1st day of March, 2024.

Jesus Martinez Delgado, Reg.# 56424-112
Federal Correctional Complex, USP-1
846 N.E. 54th Terrace
Coleman, FL. 33521

Signature: Jesus Martinez Delgado

3

# EXHIBIT A

18.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

## Criminal Division
### Governor George Deukmejian Dept. - S22

XSONA060996-01                                                    November 20, 2023

The People of the State of California                                        8:30 AM
vs.
DELGADO, JESUS MARTINEZ

Honorable Daniel J. Lowenthal, Judge
L. Morales, Judicial Assistant                        Joy Adams (#8385), Court Reporter

---

**NATURE OF PROCEEDINGS:** Further Proceedings

The following parties are present for the aforementioned proceeding:

        Clara H Kim, Bar Panel Attorney
        Dean Alan Bengston, Deputy District Attorney

---

The matter is called for Further Proceedings.

The Court having read and considered the Defendant's Petition for Writ of Habeas Corpus pursuant to Penal Code section 1473.7 filed on September 12, 2023, the petition is granted

On Defendant's Motion, 001 as HS11351, Felony, in lieu of HS11351, Felony.
Disposition as to Count 001, HS11351, Felony: Dismissed 1385 PC

Disposition as to Count 002, HS11351.5, Felony: Dismissed 1385 PC

## CLERK'S CERTIFICATE OF MAILING

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served a copy of the above minute order of November 20, 2023 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States Mail at the courthouse in Long Beach, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: November 20, 2023                          By:    /s/ L. Morales
                                         L. Morales, Deputy Clerk

---

AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |
|---|---|

| Name (under which you were convicted): Jesus Martinez Delgado | Docket or Case No.: 2:09-cr-00445-DSF |
|---|---|

| Place of Confinement: USP-1 Coleman | Prisoner No.: 56424-112 |
|---|---|

| UNITED STATES OF AMERICA | |
|---|---|
| V. | Movant (include name under which convicted) Jesus Martinez Delgado |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court For The Central District Of California

   (b) Criminal docket or case number (if you know): 2:09-cr-00445-DSF

2. (a) Date of the judgment of conviction (if you know): December 16, 2013

   (b) Date of sentencing: December 16, 2013

3. Length of sentence: Life

4. Nature of crime (all counts): Conspiracy to Possess With Intent to Distribute and to Distribute a Controlled Substance, under 21 U.S.C. 846 (Count Seven); Possession With Intent to Distribute a Controlled Substance, under 21 U.S.C. 841(b)(1)(B) (Count Fourteen); and Simple Possession of a Controlled Substance, under 21 U.S.C. 844(a) (Count Fifteen).

5. (a) What was your plea? (Check one)

   (1) Not guilty ☑   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☑   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑

Page 2 of 13

1

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?    Yes [✓]    No [ ]

9. If you did appeal, answer the following:

(a) Name of court: U.S. Court of Appeals for the Ninth Circuit

(b) Docket or case number (if you know): No. 13-50617

(c) Result: Judgment Affirmed

(d) Date of result (if you know): January 5, 2016

(e) Citation to the case (if you know): United States v. Delgado, 640 Fed. Apx. 620 (9th Cir. 2016

(f) Grounds raised: (1) district court erred when it denied motion to suppress; (2
district court abused its discretion when it denied motion to substitute cou
sel; (3) district court abused its discretion when it issued wiretap; (4) di
trict court erred when it treated prior state conviction as a prior drug co
viction for sentence enhancement under 21 U.S.C. 851; (5) Double Jeopardy
Clause violated; (6) Sixth Amendment right to jury violated; and (7) Sentence
constituted Eighth Amendment's Cruel and Unusual Punishment prohibition.

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes [✓]    No [ ]

If "Yes," answer the following:

(1) Docket or case number (if you know): No. 15-9539

(2) Result: Certiorari denied

(3) Date of result (if you know): June 27, 2016

(4) Citation to the case (if you know): Delgado v. United States, 2016 U.S. LEXIS 4113 (U.S., June 27, 201

(5) Grounds raised: UNKNOWN

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
Yes [✓]    No [ ]

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: U.S. District Court for the Central District of California

(2) Docket or case number (if you know): CV 17-4568 DSF

(3) Date of filing (if you know): UNKNOWN

AO 243 (Rev. 09/17)

(4) Nature of the proceeding: 28 U.S.C. 2255

(5) Grounds raised:

Ineffective Assistance of Counsel

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐    No ☑

(7) Result: Denied

(8) Date of result (if you know): June 6, 2018

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: U.S. District Court for the Central District of California

(2) Docket of case number (if you know): CR 09-445-59 DSF

(3) Date of filing (if you know): UNKNOWN

(4) Nature of the proceeding: 18 U.S.C. 3582(c)(1)(A)(i) (Compassionate Release)

(5) Grounds raised:

If sentenced today, Petitioner would not be subjected to
current mandatory minimum life imprisonment under 21 U.S.
§51.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐    No ☑

(7) Result: Pending

(8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ☐    No ☑

(2) Second petition:   Yes ☐    No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Petitioner is not knowledgable in Federal law and believed it would have
been an exercise in futility and waste of judicial resources if he
filed an unassisted appeal.

3.

AO 243 (Rev. 09/17)

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: Petitioner is Actually, Factually, and/or Legally Innocent as to 21 U.S.C. 841(b) and 851(a)(1) enhancement

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On October 20, 2010, the U.S. Attorneys Office filed an Information against Delgado ("petitioner"), pursuant to 21 U.S.C. 851(a)(1), seeking enhancement of sentence as to Count Seven of the First Superseding Indictment based on a May 11, 2001 prior conviction in the Superior Court for the State of California, County of Los Angeles ("California State Court"), Case No. VA064201, for possession of Cocaine Base for Sale, in violation of California Health and Safety Code Section 11351.5 ("HS11351.5"), and a subsequent February 10, 2005 prior drug conviction in California State Court, Case No. NA060996, also in violation of HS11351.5. See USDC Case No. 2:09-cr-00445-DSF, Doc. 1444 at 1-3. At the time of (Go to Attachment (Page 5(a) of 13)

(b) Direct Appeal of Ground One:

(1)  If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☑

(2)  If you did not raise this issue in your direct appeal, explain why: The current issue was not available to petitioner until November 20, 2023 when the California State Court dismiss his prior conviction.

(c) Post-Conviction Proceedings:

(1)  Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☐



Grand One (Cont'd): Delgado's sentencing, this Court was required to impose a mandatory minimum life imprisonment as prescribed in 21 U.S.C. 841(b)(1)(A) and 851(a)(1) in 2013.

Then, on November 20, 2023, the California State Court granted Delgado's Petition for Writ of Habeas Corpus pursuant to Penal Code Section 1473.7, and dismissed his prior February 20, 2005 HS11351.5 drug conviction. Exhibit A. Since that prior state conviction is now void, it can no longer sustain the "two or more prior convictions" prong under Sections 841(b)(1)(A) and 851(a)(1), relinquishing this Court's previous requirement to impose the mandatory minimum life imprisonment. Compare 21 U.S.C. 841(b)(1)(A), 851(a)(1), and Doc. 2286 at 5, paragraph 3 (b)(P.S.I. as to Jesus Martinez Delgado); with Exhibit A (November 20, 2023 California State Court order dismissing HS11351.5 drug conviction). As a result, Delgado is now Actually, Factually, and/or Legally Innocent as to the Sections 841(b) and 851(a)(1) enhancement because there is an absence of facts that are prerequisites for the mandatory minimum life sentence given to him. (Go back to Grand One subsection (b) Direct Appeal questionnaire)

AO 243 (Rev. 09/17)

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Petitioner is currently being held in violation of 21 U.S.C. 841(b) and 851(a)(1)

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner is being held in violation of the above-captioned statutes for the same reasons asserted in Ground One of this motion. More specifically, at the time of Delgado's sentencing, 21 U.S.C. 841(b)(1)(A) required the imposition of a mandatory minimum "life imprisonment "after two or more prior convictions for a felony drug offense." (It bears emphasis that Congress has since reduced and "restricted enhanced sentencing for prior drug felonies" from life imprisonment for two or more "felony drug offense" convictions, to 25 years imprisonment for two or more "serious drug felony convictions. See Pub. L. 115-391, Title IV, Section 401(a)(2), (go to Attachme (Page 6(a) of 13

(b)  **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☑

6

Grand Two (Cont'd): Dec. 21, 2018, 132 Stat. 5220). As already stated in Ground One, the Government relied, in part, on Delgado's, now nullified, February 10, 2005 California State conviction in order to trigger the mandatory minimum Life imprisonment. Doc. 1444 at 1-3; Doc. 2286 at 5, paragraph 3(b). Although Delgado's May 11, 2001 State prior conviction remains intact for enhancement purposes under 21 U.S.C. 841(b) and 851(a)(1), the same cannot be said for the 2005 state conviction, rendering his current sentence in violation of those federal statutes. (Go back to Ground Two subsection (b) Direct Appeal questionaire)

AO 243 (Rev. 09/17)

(2)  If you did not raise this issue in your direct appeal, explain why: The basis for this issue was not available until November 20, 2023 when the California State Court granted Petitioner's Habeas Corpus motion.

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** Petitioner is being held in violation of the Due Process Clause

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner is being held in violation of the Due Process Clause for the same reasons highlighted in Grounds One and Two of this Petition, because the minimum mandatory Life imprisonment he is currently serving, which was predicated on "two or more" prior Convictions, no longer comports with Congressional intent due to the dismissal of one of those priors. Therefore, Petitioner is being deprived of his life and liberty, in violation of the Fifth Amendment, as 21 U.S.C. 841(b)(1)(A) only required a minimum mandatory Life imprisonment, in 2013, when there was "two or more" prior drug convictions.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why: It was legally impossible to seek the relief sought until November 20, 2023. Therefore, raising this issue would have been futile before that date due to its unavailabili

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

9.

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND FOUR:** _____

_____

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b)   **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

10.

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐      No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:

_____

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which
ground or grounds have not been presented, and state your reasons for not presenting them:

Grounds One, Two, and Three have not been presented in federal
Court previously, because they were not available to Petitioner until
the California State Court granted his Habeas Corpus motion on
November 20, 2023. See Exhibit A.

11.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing: Fredrico McCurry, P.O. Box 3695, Van Nuys, CA. 91407

(b) At the arraignment and plea: Same as above

(c) At the trial: Same as above

(d) At sentencing: Same as above

(e) On appeal: David Andrew Schlesinger (address UNKNOWN)

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☑    No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☐

12.

AO 243 (Rev. 09/17)

18. **TIMELINESS OF MOTION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The California State Court dismissed Delgado's prior drug conviction on November 20, 2023 (several years after the federal judgment became final), making it utterly impossible to have submitted this Petition before that date. This dismissal of the State prior was the result of Delgado's successful Writ of Habeas Corpus Petition, which he initiated in State Court. Accordingly, Delgado's instant Section 2255 motion is timely because it was filed within one year of "the date on which the facts supporting the...claims presented could have been discovered through the exercise of due diligence. See 28 U.S.C. 2255(f).

*See Separate Memorandum of Law

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)  the date on which the judgment of conviction became final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

13.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief: Vacate and set the judgment aside officially render the February 10, 2005 prior state conviction as an invalid predicate for sentence enhancement, order a restructuring of the Presentence Investigation Report, resentence Delgado without the 2005 enhancement, or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _March 1, 2024_____
(month, date, year)

Executed (signed) on __March 1, 2024_____ (date)

_Jesus Martinez Delgado_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Jesus Martinez Delgado, Reg.#56424-112
Federal Correctional Complex, USP-1
846 N.E. 54th Terrace
Coleman, FL. 33521

re: Case No. 2:09-cr-00445-DSF; Motion to Vacate, Set Aside,
or Correct Sentence under 28 U.S.C. 2255


## Memorandum of Law

Under 28 U.S.C. 2255, a federal prisoner may challenge their
sentence if it was, inter alia, imposed in violation of the
Constitution or laws of the United States. See 28 U.S.C.
2255(a); See also United States v. Silveira, 997 F.3d 911, 913-
14 (9th Cir. 2021). Section 2255 motions generally must be filed
within one year of the date on which the judgment of con-
viction becomes final. 28 U.S.C. 2255(f). Motions made after
the one-year period typically will not be heard absent extra-
ordinary circumstances. See Johnson v. United States, 903 F.3.
1020, 1024 (9th Cir. 2018). To demonstrate extraordinary circumstan
ces that excuse failure to file within the one-year period, a
petitioner must show "(1) that they have been pursuing their
rights diligently, and (2) that some extraordinary circumstance
stood in their way and prevented timely filing." Holland v. Flor-
ida, 560 U.S. 631, 649 (2010); See also Luna v. Kernan, 784
F.3d 640, 646-47 (9th Cir. 2015).

In the case at bar, Delgado illustrated that his 2005 Cali-
fornia drug prior was dismissed on November 20, 2023, after
his Petition for Writ of Habeas Corpus was granted. If not
for his "due diligence" in seeking habeas relief in State Court,

Delgado would not have been able to seek the relief he now requests in this Court. Section 2255(f) states: "A 1-year period of limitation... shall run from... the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. 2255(f)(4). Here, less than four months has passed since the California State Court dismissed Delgado's 2005 drug prior (the predicate offense that triggered his life sentence). See Exhibit A.

Assuming, arguendo, that this motion is construed as a "second or successive motion," the U.S. Supreme Court has held that the phrase "second or successive" in 28 U.S.C. 2255 (h) is not "self-defining" and does not refer to all habeas applications filed second or successively in time. Panetti v. Quarterman, 551 U.S. 930, 943-44 (2007). Accordingly, Section 2255(h)'s gatekeeping provision does not apply to this case. See, e.g., Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011)(reversing district court's denial of defendant's subsequent motion to vacate because the basis for his Johnson claim did not exist until his prior conviction was invalidated by the State court, rendering his numerically second motion as "non-successive"). Consequently, Delgado was not required to seek authorization to file the instant motion. Id. at 865.

## Conclusion

Based on all the supporting facts, arguments, and authorities set forth in this Memorandum and attached Section 2255 Application, Jesus Martinez Delgado, the Petitioner, respectfully requests that this Honorable Court grant relief pursuant to 28 U.S.C. 2255(b), and any other relief to which he may be entitled.

16.

2

## Certificate of Service

I Hereby Certify, pursuant to Rule 3(a) of the Rules Governing Section 2255 Proceedings For The United States District Courts, that the original and two copies of this motion was sent to the Clerk of this Court, via this institution's legal mail procedures. I Further Certify under penalty of perjury that the foregoing is true and accurate.

Respectfully Submitted this 1st day of March, 2024.

Jesus Martinez Delgado, Reg.#56424-112
Federal Correctional Complex, USP-1
846 N.E. 54th Terrace
Coleman, FL. 33521

Signature: JESUS MARTINEZ DELGADO

3

# EXHIBIT A

18.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

## Criminal Division

### Governor George Deukmejian Dept. - S22

XSONA060996-01                                                                                          **November 20, 2023**

**The People of the State of California**                                                              **8:30 AM**

**vs.**

**DELGADO, JESUS MARTINEZ**

Honorable Daniel J. Lowenthal, Judge
L. Morales, Judicial Assistant                                         Joy Adams (#8385), Court Reporter

---

**NATURE OF PROCEEDINGS:** Further Proceedings

The following parties are present for the aforementioned proceeding:

    Clara H Kim, Bar Panel Attorney
    Dean Alan Bengston, Deputy District Attorney

---

The matter is called for Further Proceedings.

The Court having read and considered the Defendant's Petition for Writ of Habeas Corpus pursuant to Penal Code section 1473.7 filed on September 12, 2023, the petition is granted.

On Defendant's Motion, 001 as HS11351, Felony, in lieu of HS11351, Felony.
Disposition as to Count 001, HS11351, Felony: Dismissed 1385 PC

Disposition as to Count 002, HS11351.5, Felony: Dismissed 1385 PC

### CLERK'S CERTIFICATE OF MAILING

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served a copy of the above minute order of November 20, 2023 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States Mail at the courthouse in Long Beach, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: November 20, 2023                          By:    /s/ L. Morales
                                                                     L. Morales, Deputy Clerk

---

AO 243 (Rev. 09/17)

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| **United States District Court** | District | |
|---|---|---|
| Name *(under which you were convicted)*:   Jesus Martinez Delgado | | Docket or Case No.:   2:09-cr-00445-DSF |
| Place of Confinement:   USP-1 Coleman | Prisoner No.:   56424-112 | |
| UNITED STATES OF AMERICA | | |

V.        Jesus Martinez Delgado           *Movant (include name under which convicted)*

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court For The Central District Of California

   (b) Criminal docket or case number (if you know): 2:09-cr-00445-DSF

2. (a) Date of the judgment of conviction (if you know): December 16, 2013

   (b) Date of sentencing: December 16, 2013

3. Length of sentence: Life

4. Nature of crime (all counts): Conspiracy to Possess With Intent to Distribute and to Distribute a Controlled Substance, under 21 U.S.C. 846 (Count Seven); Possession With Intent to Distribute a Controlled Substance, under 21 U.S.C. 841(b)(1)(B) (Count Fourteen); and Simple Possession of a Controlled Substance, under 21 U.S.C. 844(a) (Count Fifteen).

5. (a) What was your plea? (Check one)

   (1) Not guilty ☑     (2) Guilty ☐     (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?   N/A

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☑    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☑

1

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?    Yes ☑    No ☐

9. If you did appeal, answer the following:

   (a) Name of court: U.S. Court of Appeals for the Ninth Circuit

   (b) Docket or case number (if you know): No: 13-50617

   (c) Result: Judgment Affirmed

   (d) Date of result (if you know): January 5, 2016

   (e) Citation to the case (if you know): United States v. Delgado, 640 Fed. Apx. 620 (9th Cir. 2016

   (f) Grounds raised: (1) district court erred when it denied motion to suppress; (2 district court abused its discretion when it denied motion to substitute cou sel; (3) district court abused its discretion when it issued wiretap; (4) di trict court erred when it treated prior state conviction as a prior drug co viction for sentence enhancement under 21 U.S.C. 851; (5) Double Jeopardy Clause violated; (6) Sixth Amendment right to jury violated; and (7) Sentence constituted Eighth Amendment's Cruel and Unusual Punishment prohibition.

   (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☑    No ☐

      If "Yes," answer the following:

      (1) Docket or case number (if you know): No. 15-9539

      (2) Result: Certiorari denied

      (3) Date of result (if you know): June 27, 2016

      (4) Citation to the case (if you know): Delgado v. United States, 2016 U.S. LEXIS 4113 (U.S. June 27, 201

      (5) Grounds raised: UNKNOWN

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☑    No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: U.S. District Court for the Central District of California

        (2) Docket or case number (if you know): CV 17-4568 DSF

        (3) Date of filing (if you know): UNKNOWN

AO 243 (Rev. 09/17)

(4)  Nature of the proceeding: 28 U.S.C. 2255

(5)  Grounds raised:

Ineffective Assistance of Counsel

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

    Yes ☐    No ☑

(7)  Result: Denied

(8)  Date of result (if you know): June 6, 2018

(b)  If you filed any second motion, petition, or application, give the same information:

(1)  Name of court: U.S. District Court for the Central District of California

(2)  Docket of case number (if you know): CR 09-445-59 DSF

(3)  Date of filing (if you know): UNKNOWN

(4)  Nature of the proceeding: 18 U.S.C. 3582(c)(1)(A)(i) (Compassionate Release)

(5)  Grounds raised:

If sentenced today, petitioner would not be subjected to current mandatory minimum Life imprisonment under 21 U.S. 851.

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

    Yes ☐    No ☑

(7)  Result: Pending

(8)  Date of result (if you know): N/A

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:    Yes ☐    No ☑

(2)  Second petition:    Yes ☐    No ☑

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Petitioner is not knowledgable in Federal law and believed it would have been an exercise in futility and waste of judicial resources if he filed an unassisted appeal.

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Petitioner is Actually, Factually, and/or Legally Innocent as
to 21 U.S.C. 841(b) and 851(a)(1) enhancement

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On October 20, 2010, the U.S. Attorneys Office filed an Information
against Delgado ("Petitioner"), pursuant to 21 U.S.C. 851(a)(1), seeking en-
hancement of sentence as to Count Seven of the First Superseding Indict-
ment based on a May 11, 2001 prior conviction in the Superior Court for
the State of California, County of Los Angeles ("California State Court"),
Case No. VA064201, for possession of Cocaine Base for Sale, in violation
of California Health and Safety Code Section 11351.5 ("HS11351.5"), and a
Subsequent February 10, 2005 prior drug conviction in California State
Court, Case No. NA060996, also in violation of HS11351.5. See USDC Case
No. 2:09-cr-00445-DSF, Doc. 1444 at 1-3. At the time of (Go to Attachment
Page 5(a) of 13)

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☑

(2) If you did not raise this issue in your direct appeal, explain why: The current issue was
Not available to Petitioner until November 20, 2023 when the
California State Court dismiss his prior conviction.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐      No ☐

Grand One (cont'd): Delgado's sentencing, this Court was required to impose a mandatory minimum Life imprisonment as prescribed in 21 U.S.C. 841(b)(1)'A) and 851(a)(1) in 2013.

Then, on November 20, 2023, the California State Court granted Delgado's Petition for Writ of Habeas Corpus pursuant to Penal Code section 1473.7, and dismissed his prior February 20, 2005 HS11351.5 drug conviction. Exhibit A. Since that prior State conviction is now void, it can no longer sustain the "two or more prior convictions" prong under sections 841(b)(1)(A) and 851(a)(1), relinquishing this Court's previous requirement to impose the mandatory minimum Life imprisonment. (Compare 21 U.S.C. 841(b)(1)(A), 851(a)(1), and Doc. 2286 at 5, paragraph 3(b)(P.S.I. as to Jesus Martinez Delgado); with Exhibit A (November 20, 2023 California State Court order dismissing HS11351.5 drug conviction). As a result, Delgado is now Actually, Factually, and/or Legally Innocent as to the sections 841(b) and 851(a)(1) enhancement because there is an absence of facts that are prerequisites for the mandatory minimum Life sentence given to him. (Go back to Grand One subsection (b) Direct Appeal questionnaire)

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Petitioner is currently being held in violation of 21 U.S.C. 841(b) and 851(a)(1)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner is being held in violation of the above-captioned statutes for the same reasons asserted in Ground One of this motion. More specifically, at the time of Delgado's sentencing, 21 U.S.C. 841(b)(1)(A) required the imposition of a mandatory minimum "life imprisonment "after two or more prior convictions for a felony drug offense." (It bears emphasis that Congress has since reduced and "restricted enhanced sentencing for prior drug felonies" from life imprisonment for two or more "felony drug offense" convictions, to 25 years imprisonment for two or more "serious drug felony convictions. See Pub. L. 115-391, Title IV, Section 401(a)(2), (go to Attachme [Page 6(a) of 13

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

6

Ground Two (Cont'd): Dec. 21, 2018, 132 Stat. 5220). As already
stated in Ground One, the Government relied, in part, on
Delgado's, now nullified, February 10, 2005 California State conviction
in order to trigger the mandatory minimum Life imprisonment. Doc.
1444 at 1-3; Doc. 2286 at 5, paragraph 3(b). Although Delgado's
May 11, 2001 State prior conviction remains intact for enhance-
ment purposes under 21 U.S.C. 841(b) and 851(a)(1), the same
cannot be said for the 2005 State conviction, rendering his
current sentence in violation of those federal statutes. (Go
back to Ground Two subsection (b) Direct Appeal questionaire)

AO 243 (Rev. 09/17)

(2)  If you did not raise this issue in your direct appeal, explain why: *The basis for this issue was not available until November 20, 2023 when the California State Court granted Petitioner's Habeas Corpus motion.*

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

_____

Page 7 of 13

8.

AO 243 (Rev. 09/17)

**GROUND THREE:** Petitioner is being held in violation of the Due Process Clause

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner is being held in violation of the Due Process Clause for the same reasons highlighted in Grounds One and Two of this Petition, because the minimum mandatory Life imprisonment he is currently serving, which was predicated on "two or more" prior convictions, no longer comports with Congressional intent due to the dismissal of one of those priors. Therefore, Petitioner is being deprived of his life and liberty, in violation of the Fifth Amendment, as 21 U.S.C. 841(b)(1)(A) only required a minimum mandatory Life imprisonment, in 2013, when there was "two or more" prior drug convictions.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why: It was legally impossible to seek the relief sought until November 20, 2023. Therefore, raising this issue would have been futile before that date due to its unavailability

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

9.

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:

_____

_____

**GROUND FOUR:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which
ground or grounds have not been presented, and state your reasons for not presenting them:

Grounds One, Two, and Three, have not been presented in Federal
Court previously, because they were not available to Petitioner until
the California State Court granted his Habeas Corpus motion on
November 20, 2023. See Exhibit A.

11.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing: Fredrico McCurry; P.O. Box 3695, Van Nuys, CA. 91407

(b) At the arraignment and plea: Same as above

(c) At the trial: Same as above

(d) At sentencing: Same as above

(e) On appeal: David Andrew Schlesinger (address unknown)

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☑    No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☐

Page 11 of 13

12.

AO 243 (Rev. 09/17)

18.    TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The California State Court dismissed Delgado's prior drug conviction on November 20, 2023 (several years after the federal judgment became final), making it utterly impossible to have submitted this petition before that date. This dismissal of the State prior was the result of Delgado's successful Writ of Habeas Corpus petition, which he initiated in State Court. Accordingly, Delgado's instant Section 2255 motion is timely because it was filed within one year of "the date on which the facts supporting the...claims presented could have been discovered through the exercise of due diligence. See 28 U.S.C. 2255(f).

        * See Separate Memorandum of Law

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
        (1)  the date on which the judgment of conviction became final;
        (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

13.

Therefore, movant asks that the Court grant the following relief: Vacate and set the judgment aside
Officially render the February 10, 2005 prior state conviction as an invalid predi
cate for sentence enhancement, Order a restructuring of the Presentence In-
vestigation Report, resentence Delgado without the 2005 enhancement,
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on March 1, 2024
_____
(month, date, year)

Executed (signed) on March 1, 2024 _____ (date)

_____
Jesus Martinez Delgado
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Jesus Martinez Delgado, Reg. #56424-112
Federal Correctional Complex, USP-1
846 N.E. 54th Terrace
Coleman, FL. 33521


re: Case No. 2:09-cr-00445-DSF; Motion to Vacate, Set Aside,
or Correct Sentence Under 28 U.S.C. 2255


Memorandum of Law


   Under 28 U.S.C. 2255, a federal prisoner may challenge their
sentence if it was, inter alia, imposed in violation of the
Constitution or laws of the United States. See 28 U.S.C.
2255(a); see also United States v. Silveira, 997 F.3d 911, 913-
14 (9th Cir. 2021). Section 2255 motions generally must be filed
within one year of the date on which the judgment of con-
viction becomes final. 28 U.S.C. 2255(f). Motions made after
the one-year period typically will not be heard absent extra-
ordinary circumstances. See Johnson v. United States, 903 F.3d
1020, 1024 (9th Cir. 2018). To demonstrate extraordinary circumstan-
ces that excuse failure to file within the one-year period, a
petitioner must show "(1) that they have been pursuing their
rights diligently, and (2) that some extraordinary circumstance
stood in their way and prevented timely filing." Holland v. Flor-
ida, 560 U.S. 631, 649 (2010); see also Luna v. Kernan, 784
F.3d 640, 646-47 (9th Cir. 2015).

   In the case at bar, Delgado illustrated that his 2005 Cali-
fornia drug prior was dismissed on November 20, 2023, after
his petition for Writ of Habeas Corpus was granted. If not
for his "due diligence" in seeking habeas relief in State Court,

Delgado would not have been able to seek the relief he now requests in this Court. Section 2255(f) states: "A 1-year period of limitation... shall run from... the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. 2255(f)(4). Here, less than four months has passed since the California State Court dismissed Delgado's 2005 drug prior (the predicate offense that triggered his life sentence). See Exhibit A.

Assuming, arguendo, that this motion is construed as a "second or successive motion," the U.S. Supreme Court has held that the phrase "second or successive" in 28 U.S.C. 2255(h) is not "self-defining" and does not refer to all habeas applications filed second or successively in time. Panetti v. Quarterman, 551 U.S. 930, 943-44 (2007). Accordingly, Section 2255(h)'s gatekeeping provision does not apply to this case. See, e.g., Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011)(reversing district court's denial of defendant's subsequent motion to vacate because the basis for his Johnson claim did not exist until his prior conviction was invalidated by the State court, rendering his numerically second motion as "non-successive"). Consequently, Delgado was not required to seek authorization to file the instant motion. Id. at 865.

## Conclusion

Based on all the supporting facts, arguments, and authorities set forth in this Memorandum and attached Section 2255 Application, Jesus Martinez Delgado, the Petitioner, respectfully requests that this Honorable Court grant relief pursuant to 28 U.S.C. 2255(b), and any other relief to which he may be entitled.

16.

2

Certificate of Service


I Hereby Certify, pursuant to Rule 3(a) of the Rules Governing Section 2255 Proceedings for The United States District Courts, that the original and two copies of this motion was sent to the Clerk of this Court, via this institution's legal mail procedures. I Further Certify under penalty of perjury that the foregoing is true and accurate.

Respectfully Submitted this 1st day of March, 2024.


Jesus Martinez Delgado, Reg.#56424-112
Federal Correctional Complex, USP-1
846 N.E. 54th Terrace
Coleman, FL. 33521

Signature: JESUS MARTINEZ DELGADO

# EXHIBIT A

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

### Criminal Division
### Governor George Deukmejian Dept. - S22

XSONA060996-01                                                    November 20, 2023
                                                                     8:30 AM

The People of the State of California

vs.

DELGADO, JESUS MARTINEZ

Honorable Daniel J. Lowenthal, Judge
L. Morales, Judicial Assistant                      Joy Adams (#8385), Court Reporter

---

**NATURE OF PROCEEDINGS:** Further Proceedings

The following parties are present for the aforementioned proceeding:

     Clara H Kim, Bar Panel Attorney
     Dean Alan Bengston, Deputy District Attorney

---

The matter is called for Further Proceedings.

The Court having read and considered the Defendant's Petition for Writ of Habeas Corpus pursuant to Penal Code section 1473.7 filed on September 12, 2023, the petition is granted

On Defendant's Motion, 001 as HS11351, Felony, in lieu of HS11351, Felony.
Disposition as to Count 001, HS11351, Felony: Dismissed 1385 PC

Disposition as to Count 002, HS11351.5, Felony: Dismissed 1385 PC

### CLERK'S CERTIFICATE OF MAILING

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served a copy of the above minute order of November 20, 2023 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States Mail at the courthouse in Long Beach, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: November 20, 2023                    By:   /s/ L. Morales
                                                 L. Morales, Deputy Clerk

19.

Clerk,

There is the TWO COPIES, and an ORIGINAL

PLEASE.

Thank You for you time and service
IN THIS MATTER ——

**Retail**

PM
COLEMAN, FL 33521
MAR 11, 2024

90012

$0.00

RDC 03

R2304W120478-02

**PRESS FIRMLY TO SEAL**    **PRESS FIRMLY TO SEAL**

# UNITED STATES POSTAL SERVICE ®  |  **PRIORITY®**
**MAIL**

FROM: JESUS MARTINE-DELGADO.
REG: 56424-112
FEDERAL CORRECTIONAL COMPLEX, COLEMAN 1
USP.
P.O. BOX 1033
COLEMAN FL. 33521-1033

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the
Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

CLERK, U.S. DISTRICT COURT
MAR 1 4 2024
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

TO:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA.
OFFICE OF THE CLERK.
255 EAST TEMPLE STREET, ROOM 180,
LOS ANGELES CALIFORNIA. 90012.

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

## TRACKED ■ INSURED

UNITED STATES POSTAL SERVICE ®

USPS TRACKING #

9114 9999 4431 4620 1616 29

P14F July 2022
ID: 12 1/2 x 9 1/2

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



# PRIORITY®
## MAIL



## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

## TRACKED ■ INSURED



PS00001000014



LEGAL MAIL.....

EP14F July 2022
OD: 12 1/2 x 9 1/2

## VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.